UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PHARMACEUTICAL CARE : | |
| MANAGEMENT ASSOCIATION, : | |
| : | |
| Plaintiff, : | Civil Action No.: 04-1082 (RMU) |
| : | |
| v. : | Re Document Nos.: 93, 95 |
| : | |
| DISTRICT OF COLUMBIA *et al.*, : | |
| : | |
| Defendants. : | |

## MEMORANDUM OPINION

GRANTING THE PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE;
DENYING THE DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE

## I. INTRODUCTION

This matter is before the court on the plaintiff's motion to dismiss its remaining claims without prejudice and the defendants' motion to dismiss the remaining claims with prejudice. The plaintiff, the Pharmaceutical Care Management Association, brought suit against the District of Columbia and its mayor. The plaintiff alleges that a District of Columbia law that aimed to regulate a sector of the pharmaceutical industry violated the constitutional rights of the plaintiff's organizational members and impermissibly intruded upon an area of federal regulation. Having recently received a favorable ruling by the Circuit on its preemption claim, the plaintiff now moves to dismiss its remaining constitutional claims without prejudice. The defendants move to dismiss the plaintiff's remaining claims with prejudice. Because the plaintiff's motion satisfies the prerequisites of Rule 41(a)(2), the court grants the plaintiff's motion and denies the defendants' motion.

## II. FACTUAL & PROCEDURAL BACKGROUND

The plaintiff is a national trade association that represents various businesses known as pharmaceutical benefits managers ("PBMs"). Compl. ¶ 8. PBMs act as intermediaries between health benefit providers and the 200 million Americans who receive prescription drugs through their health plans. *Id.*

In 2004, the D.C. Council passed the Access Rx Act. *See generally* D.C. CODE §§ 48-832.01 *et seq.* Title II of the Access Rx Act imposed various fiduciary and disclosure duties on PBMs. Mem. Op. (Dec. 21, 2004) at 2. Following passage of the Access Rx Act, the plaintiff commenced this action, alleging that Title II of the Access Rx Act violated a number of statutory and constitutional provisions. *See generally* Compl. Specifically, the plaintiff alleged that Title II impermissibly intruded upon an area of federal regulation and that Title II otherwise ran afoul of the Fifth Amendment's Takings Clause, the Commerce Clause and the First Amendment. *Id.* ¶¶ 27-66.

Following a series of procedural twists and turns,[1] this court granted in part the plaintiff's motion for partial summary judgment on the grounds that federal law preempted Title II. *See generally* Mem. Op. (Mar. 19, 2009). The defendants appealed, and the Circuit affirmed in part and reversed in part, holding that federal law indeed preempted certain provisions of the Access Rx Act. *See generally Pharm. Care Mgmt. Ass'n v. District of Columbia*, 613 F.3d 179 (D.C. Cir. 2010). Nevertheless, the Circuit held that several other provisions of the Act were not

---

[1] The procedural history of this case is laid out in full in a number of opinions issued by this court and the Circuit. *See generally Pharm. Care Mgmt. Ass'n v. District of Columbia*, 613 F.3d 179, 182-83 (D.C. Cir. 2010); Mem. Op. (Mar. 19, 2009) at 1-2; *Pharm. Care Mgmt. Ass'n v. District of Columbia*, 522 F.3d 443, 445-46 (D.C. Cir. 2008); Mem. Op. (Mar. 6, 2007) at 1-2; Mem. Op. (Dec. 21, 2004) at 1-2.

similarly displaced by federal law. *Id.* at 186. The Circuit remanded to allow this court to adjudicate the plaintiff's remaining constitutional claims. *Id*. at 190.

In the wake of the Circuit's ruling, the plaintiff has filed its current motion to dismiss its remaining claims without prejudice. *See generally* Pl.'s Mot. to Dismiss Without Prejudice ("Pl.'s Mot."). The defendants filed an opposition, *see generally* Defs.' Opp'n to Pl.'s Mot. to Dismiss Without Prejudice ("Defs.' Opp'n"), and a contemporaneous motion to dismiss the remaining claims with prejudice, *see generally* Defs.' Mot. to Dismiss with Prejudice ("Defs.' Mot."). With these motions now ripe for review, the court turns to the parties' arguments and the relevant legal standards.

### III. ANALYSIS

#### A. Legal Standard to Dismiss Under Rule 41(a)[2]

Federal Rule of Civil Procedure 41(a) governs voluntary dismissal of an action. FED. R. CIV. P. 41(a)(1). Under Rule 41(a)(2), "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."

---

[2] As a threshold matter, the parties disagree as to whether the court should consider the plaintiff's motion under Rule 41(a)(2) as the defendants contend, Defs.' Mot. at 3, or as an amendment – presumably under Rule 15(a) – as proposed by the plaintiffs, *see* Pl.'s Reply at 5 n.5. Rule 41(a)(2) provides for the voluntary dismissal of a civil action by court order, whereas Rule 15(a) allows a plaintiff to amend its complaint so as to eliminate certain claims from an action. *See* FED. R. CIV. P. 15(a), 41(a)(2). Ultimately, an amendment under Rule 15(a) may have the same practical effect as a Rule 41(a)(2) motion if the amendment would eliminate all of a plaintiff's outstanding claims against a defendant. MOORE'S FED. PRAC. § 42.21[2] (3d ed. 2004). Accordingly, some courts have suggested that the choice of rules under these circumstances is technical or immaterial. *Wakefield v. N. Telecom*, 769 F.2d 109, 114 (2d Cir. 1985); *Wilson v. Crouse-Hinds Co.*, 556 F.2d 870, 873 (8th Cir. 1977). At least one member of this court has applied Rule 41(a)(2) when a plaintiff has received a favorable ruling on some claims and moves to dismiss without prejudice all of its remaining claims. *See, e.g.*, *Unitronics (1989) (R " G) Ltd. v. Gharb*, 532 F. Supp. 2d 25, 26-27 (D.D.C. 2008). The plaintiff here is in a nearly identical procedural posture. Because the plaintiff here seeks to voluntarily dismiss all that meaningfully remains of its action, this court will consider its motion to dismiss under Rule 41(a). *See Unitronics*, 532 F. Supp. 2d at 26-27.

3

FED. R. CIV. P. 41(a)(2); *Taragan v. Eli Lilly & Co.*, 838 F.2d 1337, 1339 (D.C. Cir. 1988). Dismissals under Rule 41(a)(2) "generally [are] granted in the federal courts unless the defendant would suffer prejudice other than the prospect of a second lawsuit or some tactical disadvantage." *Conafay v. Wyeth Labs.*, 793 F.2d 350, 353 (D.C. Cir. 1986); *see also* 9 FED. PRAC. & PROC. 2d § 2364. A court applying Rule 41(a)(2) therefore must consider whether the plaintiff seeks the motion for voluntary dismissal in good faith, and whether the dismissal would cause the defendant "legal prejudice" based on factors such as any excessive delay or lack of diligence by the plaintiff in prosecuting the action, an insufficient explanation by the plaintiff for taking nonsuit and the stage of the litigation. *In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 304 (D.D.C. 2000).

### B. The Court Grants the Plaintiff's Motion and Denies the Defendants' Motion

The defendants argue that the court should deny the plaintiff's motion because granting the motion would cause legal prejudice to befall the defendants. Defs.' Mot. at 3. The defendants ask that the court dismiss the plaintiff's remaining claims with prejudice and definitively rule on the constitutionality of Title II. *Id.* at 4. Without a favorable ruling on the merits, the defendants contend, Title II's constitutionality would remain uncertain. *Id.* The defendants reason that the current uncertainty about Title II's constitutionality would effectively prevent public enforcement of the Access Rx Act. *Id.* The defendants also argue that their "extensive briefing" and "other preparation efforts" would be "entirely wasted" if the case were dismissed without prejudice. *Id.* Finally, the defendants assert that the "public interest" lies in a speedy resolution of the important constitutional issues that have been raised in this litigation. *Id.*

The plaintiff contends that voluntary dismissal will not cause the defendants any legal prejudice. *See generally* Pl.'s Reply. Specifically, the plaintiff argues that the specter of future litigation does not constitute legal prejudice under Rule 41(a)(2). *Id.* at 5. Furthermore, the plaintiff argues that the defendants' years of efforts litigating this matter have only been wasted inasmuch as the defendants elected to defend a law that this court and the Circuit have deemed unconstitutional. *Id.* Finally, the plaintiff argues that the defendants' claim that any remaining legal uncertainties will "effectively" prevent enforcement of the law is baseless, as any and all laws may be subjected to some future legal challenge.[3] *Id.*

At the outset, the court notes that the defendants do not contend that the plaintiff has prosecuted this case with undue delay or bad faith. *See* Defs.' Mot. at 4. The court thus turns to the question of whether any of the defendants' allegations amount to legal prejudice under Rule 41(a).

It is beyond quibble that the prospect of a second lawsuit does not constitute legal prejudice. *See, e.g.*, *Cone v. W. Va. Pulp & Paper Co.*, 330 U.S. 212, 217 (1947) (explaining that a voluntary dismissal should be granted "unless the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit"); *Jones v. Sec. Exch. Comm'n*, 298 U.S. 1, 19 (1936) (holding that a complainant should be granted the right to dismiss a claim unless it would "prejudice the defendants in some other way than by the mere prospect of being

---

[3] The plaintiff also argues that its remaining claims are moot given the Circuit's ruling that parts of Title II are preempted by federal law. Pl.'s Mot. at 2. Moreover, the plaintiff contends that the remaining claims are not ripe given that the Access Rx Act may be subject to further amendment. *Id.* at 4-6. Because the court determines that no legal prejudice would result from its decision to grant the plaintiff's motion, however, these arguments need not be reached. *See, e.g.*, *Unitronics*, 532 F. Supp. 2d at 26-27 & n.1 (D.D.C. 2008) (declining to decide whether or not a plaintiff's remaining claim was moot and instead allowing voluntary dismissal under Rule 41(a)(2)); *Black Ride III, Inc. v. West*, 2005 WL 1522055, at *3 (D.D.C. June 28, 2005) (holding that even a defendant's motion to dismiss for lack of subject matter jurisdiction or failure to state a claim does not deprive a plaintiff of its right to voluntarily dismiss its claims under Rule 41(a)).

5

harassed and vexed by future litigation of the same kind"); *Conafay*, 793 F.2d at 353 ("[W]e simply observe that dismissals have generally been granted in the federal courts unless the defendant would suffer prejudice other than the prospect of a second lawsuit or some tactical disadvantage."). In addition, the mere fact that a defendant may have incurred substantial expense prior to dismissal does not amount to legal prejudice. *In re Vitamins*, 198 F.R.D. at 304-05. Finally, litigation expenses are not deemed "wasted" if they may be of use in future litigation. *Hisler v. Gallaudet Univ.*, 344 F. Supp. 2d 29 (D.D.C. 2004).

Arguing that they would be legally prejudiced without a ruling on the merits, the defendants rely heavily on their contention that Title II's constitutionality is "uncertain" and that enforcement of the law would be stymied in the absence of a favorable ruling on the merits. Defs.' Mot. at 4. In essence, the defendants argue that granting the plaintiff's motion may subject the defendants to future litigation over the constitutionality of the Access Rx Act. Although the defendants are correct, the fear of future litigation does not constitute legal prejudice under Rule 41(a)(2). *Conafay*, 793 F.2d at 353; *see also Westland Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996) (holding that "uncertainty" caused by the specter of future litigation is "insufficient to establish plain legal prejudice").

Moreover, the court is not convinced that the defendants' efforts have thus far been wasted. If the constitutionality of Title II is litigated in the future, then the defendants' expenses towards litigation will not have been in vain because its preparations may be put to good use. *Hisler*, 344 F. Supp. 2d at 37. In any event, even "substantial expenses prior to dismissal do not

amount to legal prejudice" under Rule 41(a)(2). *In re Vitamins*, 198 F.R.D. at 304-05.[4]

Finally, the court is not convinced that the public interest lies in the immediate resolution of any and all questions surrounding the constitutionality of the Access Rx Act. The defendants here insist that the threat of future litigation may delay implementation of the law and harm the public interest. Defs.' Mot. at 4. However, the defendants' "public interest" argument is nothing more than a thinly veiled reiteration of the defendants' earlier claim that they may be subject to future litigation, an argument that has no legal merit. *Conafay*, 793 F.2d at 353. Moreover, the court is hesitant to rush headlong into a legal controversy that the parties do not mutually wish to pursue. The premise of our adversarial system is that courts "do not sit as self-directed boards of legal inquiry and research, but essentially as arbiters of legal questions presented and argued by the parties before them." *Carducci v. Regan*, 714 F.2d 171, 177 (D.C. Cir. 1983). Thus, the public interest lies in resolving these constitutional issues when the defendants are faced with a legal adversary that wishes to pursue its case in full.

In sum, the defendants have not made a showing of legal prejudice under Rule 41(a)(2). Accordingly, the court grants the plaintiff's motion to dismiss its remaining claims without prejudice and denies the defendants' motion.

---

[4] The defendants have included a last-minute request for this court to condition the plaintiff's voluntary dismissal on the payment of the defendants' litigation expenses. Defs.' Reply at 3. A court may choose to condition the dismissal of the plaintiff's claims on payment of the defendant's litigation expenses. *In re Vitamins*, 198 F.R.D. at 304-05; *Piedmont Resolution v. Johnston, Rivlin & Foley*, 178 F.R.D. 328, 331-32 (D.D.C. 1998). The court sees no reason to do so here because the plaintiff has been diligent in prosecuting its claim and has not engaged in vexatious or dilatory tactics. *Cf. In re Vitamins*, 198 F.R.D. at 304-06 (imposing conditions on voluntary dismissal when the plaintiffs showed a lack of diligence and had proceeded with unnecessary delay); *Hubbard v. United States*, 545 F. Supp. 2d 1, 7-8 (D.D.C. 2008) (same).

## IV. CONCLUSION

For the foregoing reasons, the court grants the plaintiff's motion to voluntarily dismiss its remaining claims without prejudice and denies the defendants' motion to dismiss the plaintiff's remaining claims with prejudice. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 12th day of July, 2011.

RICARDO M. URBINA
United States District Judge